IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM LEE ALEXANDER, ) | |
| Administrator of the Estate of | |
| Lee Andrew Alexander ) | |
| Plaintiff ) | |
| v. ) | CIVIL ACTION NO. 06-0106-CB-B |
| JENNIFER KAY ANNAS, ) | |
| Defendant, ) | |

**OPINION and ORDER**

This matter is before the Court on a motion for summary judgment filed by the Defendant, Jennifer Kay Annas. (Doc. 12.) At issue is whether Plaintiff can present sufficient evidence to support his claims that the defendant negligently and/or wantonly caused the death of plaintiff's decedent. After carefully considering the evidence presented on summary judgment in the light most favorable to the Plaintiff, the Court concludes that there is insufficient evidence from which a jury could find either negligence or wantonness.

**Findings of Fact**

At approximately 4:00 a.m. on July 30, 2004, defendant Jennifer Kay Annas was operating a vehicle on Highway 80 in Selma, Alabama, when her vehicle collided with a man riding a bicycle. The man on the bicycle died at the scene of the accident. He was identified as Lee Andrew Alexander, Plaintiff's decedent. The Defendant, a college student, was driving from Ft. Worth, Texas to Ft. Benning, Georgia to visit her fiance. The Defendant's friend, Jennifer Maness, was a passenger in the vehicle. The young women had been taking turns driving during the night and had just stopped to change drivers when they arrived in Selma.

They pulled over on the side of the road, and the Defendant began to drive.  The collision occurred less than a mile from the point where the Defendant began driving.  The Dallas County coroner, W. Alan Dailey was dispatched to the scene.  Dailey pronounced Lee Andrew Alexander dead at 4:13 a.m.[1]

There is no evidence of Alexander's location prior to the collision.  The Defendant was driving in the far-right lane of the four-lane highway at about 35 miles per hour.  She did not see Alexander until impact and did not have a chance to apply her brakes.   The night was "pitch black", although the weather conditions were clear.  The road was flat and straight but had no street lights.  There were no other cars on the road.  The bicycle had no lights and "only a few small reflectors." (Def.'s Ex. A ¶ 18.)  The Defendant's passenger had just closed her eyes and did not see the accident.  There were no witnesses.  Immediately after the impact, the Defendant stopped her car and had her friend call 911.  The dispatcher instructed the two to go to the nearest exit, and they did so.

Plaintiff William Lee Alexander, an Alabama citizen, is the administrator of the estate of Lee Andrew Alexander.  Plaintiff  initially filed this wrongful death action against in the Circuit Court of Dallas County, Alabama.  The Defendant, a Texas citizen, removed the action to this Court asserting removal jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000.

**Conclusion of Law**[2]

---

[1]This paragraph was taken almost verbatim from the Agreed Facts section of the parties' joint proposed Pretrial Order (doc. 21).

[2]This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1446 and 1332.

Defendant argues that she is entitled to summary judgment because Plaintiff cannot prove negligence or wantonness due to a lack of evidence that Defendant saw or should have seen Alexander in time to avoid striking him. In addition, Defendant argues that Alexander was contributorily negligent because he was intoxicated. Plaintiff argues that there is sufficient evidence from which a jury could find negligence or wantonness, and Plaintiff has moved to strike Defendant's evidence in support of its contributory negligence defense. It is unnecessary to consider Plaintiff's motion to strike or Defendant's affirmative defense, however, because Plaintiff has failed to present evidence from which a jury could find negligence or wantonness in the first instance. Below, the Court reviews the burdens of proof applicable on summary judgment, sets forth relevant Alabama law regarding negligence and wantonness and, then, considers the facts of this case in light of Alabama law.

**Summary Judgment Analysis**

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id*. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986))

(footnote omitted).   "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted).

### Alabama Law–Negligence and Wantonness

In *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994), the Alabama Supreme Court defined both causes of action at issue here:

> To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains.

*Id.* at 567 (internal citations omitted). In this case, Plaintiff has failed to produce evidence that Defendant breached or consciously disregarded any foreseeable or known duty or committed any wrongful act.

### Plaintiff's Evidence--Insufficient to Sustain a Cause of Action

Plaintiff first argues that Defendant breached a duty not to drive in a fatigued state but has cited no Alabama law giving rise to such a duty.  Going to sleep while driving is evidence of negligence.  *Whiddon v. Malone*, 220 Ala. 220, 124 So. 516 (1929), but here there is no evidence that Defendant fell asleep while driving.  Assuming, *arguendo*, there exists a duty not to drive in a fatigued state, Plaintiff has presented no evidence that Defendant breached that duty.  Plaintiff argues that fatigue can be inferred from the circumstances of Defendant's trip–that she and her

friend had been driving non-stop all night, that she was inexperienced driving long distances, and that Defendant's friend was sleepy. These facts, however, do not give rise to an inference that Defendant was, in fact, tired, sleepy or fatigued. *See*, *e.g.*, *Tew v. Jones*, 417 So.2d 146 (Ala. 1982) (per curiam) (could not legitimately infer that commercial truck driver was sleepy based on evidence that he awoke at 1:30 a.m. and worked, with only two breaks, from 2:30 a.m. until accident at 5:30 p.m.); *Roszell v. Martin*, 591 So. 2d 511 (Ala. Civ. App. 1991) (could not infer that accident was caused by falling asleep at the wheel where driver and companion had been sharing driving duties, had just stopped for break and were just pulling onto road at slow speed). The Defendant had been driving for less than a mile when the accident occurred, and nothing about the accident itself suggests driver fatigue. *Cf. Findley v. Alabama Power Co.*, 735 So. 2d 1208 (Ala. Civ. App. 1998) (issue of contributory negligence for jury where evidence suggested that driver--who admitted, then denied, falling asleep--veered six feet off road and hit utility pole). Because Plaintiff has presented no proof that Defendant was driving in a fatigued state, he cannot recover for either negligence or wantonness based on a breach this alleged duty.[3]

Next, Plaintiff argues that Defendant was speeding and that speed, coupled with other factors, can be evidence of negligence and wantonness. But the evidence does not support an inference that the Defendant was speeding. Plaintiff cites pages 29 through 35 of Defendant's deposition to support his factual assertion. The only reference to Defendant's speed on any of those pages is the following:

---

[3]Furthermore, to prevail on a claim for wantonness under these circumstances, Plaintiff must prove that the Defendant had a "realization of the 'premonitory symptoms' of sleep." *Roszell*, at 511 (quoting *Tew,* at 147). Since Plaintiff cannot prove that Defendant actually was sleepy or tired, he certainly cannot prove that Defendant was aware of those symptoms.

> Q       Prior to the accident, how fast had you been traveling.
>
> A       On the highways, about 70, and then we slowed down when we were in towns and when the speed limit told us to slow down.
>
> Q       Do you know what the speed limit was where you were?
>
> A.      It was 55.

(Def.'s Depo., Pl.'s Ex. A, at 35.)  The only specific statement in the record about Defendant's speed at the time of the accident is found in Defendant's answers to Plaintiff's Interrogatories, where Defendant states, "I believe I was going about 35 miles per hour [when the accident occurred]".  (Def.'s Ex. A.¶ 12.)

Next, Plaintiff argues that Defendant's failure to avoid the accident is, itself, evidence of negligence because a motorist has a duty to discover a vehicle he could have discovered in time to avoid an accident.  *See Brown v. Billy Marlar Chevrolet, Inc.*, 381 So. 2d 191 (Ala. 1980).  In this case, however, there is no evidence from which a jury reasonably could infer that the Defendant should have seen Alexander in time to avoid the accident.  It was dark.  The road was unlit.  There was no other cars or lights on the road.  According to the evidence, Alexander's bicycle had minimal reflectors.  We do not know the direction Alexander was traveling on his bicycle–away from the car, toward the car, or crossing the road--when the impact occurred.  That Alexander may have appeared in Defendant's path too late for her to avoid the accident is a scenario as likely as any other.  The evidence shows only that the Defendant did not see Alexander.  A motorist's failure to see a cyclist prior to impact does not give rise to an inference of negligence.  *Tinsley v. Henderson*, 613 So. 2d 1268 (Ala. 1993); *Stevens v. Stanford*, 766 So. 2d 849, 853 (Ala. Civ. App. 1999).

Finally, Plaintiff points to various unconnected pieces of evidence as proof of negligence and wantonness and argues that the jury should be allowed to decide the weight to be attributed to this evidence. Plaintiff does not, however, attempt to demonstrate how any of these asserted facts proves a disputed element of his negligence or wantonness claims. For instance, plaintiff argues that Defendant is accident-prone because she was involved in two prior accidents. Even if that evidence is somehow admissible,[4] it does nothing to prove the existence of a duty or wrongful act on this occasion. Plaintiff points out that the Defendant suffers from Tourette's syndrome, but there is no evidence that her symptoms (vocal tics--like hiccups) contributed in any way to the accident.[5] In a similar vein, Plaintiff argues that the Defendant was "under the influence" of prescription drugs. At the time of the accident, Defendant was taking two types of prescription medication–one for allergies and one for Tourette's--neither or which had any side effects,[6] and there is no evidence that the use of these medications contributed to the accident. Plaintiff asserts that Defendant had vision problems. While that claim is true in the past tense, Defendant testified at deposition that her nearsightedness had been corrected by Lasik surgery prior to the accident.[7] In summary, Plaintiff has thrown together a hodgepodge of facts in hopes that cause of action might emerge, but none has.

**Conclusion**

For the reasons set forth above, it is hereby **ORDERED** that the Defendant's motion for

---

[4] In general, prior acts are inadmissible to prove that a party acted in conformity therewith on a subsequent occasion. FRE 404(b).

[5] Def.'s Depo., Pl.'s Ex. A, at 55-56.

[6] *Id.* at 53-55.

[7] *Id.* at 17-20.

summary judgment be and hereby is **GRANTED**.

**DONE** this the 26th day of February, 2007.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**